UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LARRY PAT SOUTER,**

    **Petitioner,**

v.                                         Case No. 1:02-CV-67
                                        Hon. Gordon J. Quist

**KURT JONES et al.,**

    **Respondents.**

_____/

**REPORT AND RECOMMENDATION**

The matter is now before the court on the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

**I.    Background**

Petitioner was convicted of second degree murder on March 13, 1992 and filed his § 2254 petition for habeas corpus relief on January 30, 2002. The court will not re-iterate the lengthy factual and procedural background of this case since a recent detailed history is set forth in *Souter v. Jones*, 395 F.3d 577 (2005). In *Souter*, the Sixth Circuit concluded "that though Souter's habeas petition is time-barred, he has demonstrated a credible claim of actual innocence, such that he is entitled to equitable tolling and may proceed to argue the merits of his ineffective assistance of counsel and due process claims." *Souter*, 395 F.3d at 601. The Sixth Circuit remanded the case to this court for further proceedings consistent with its opinion. *Id.* On remand, the parties stipulated to the unconditional release of petitioner "pending further proceedings in the State of Michigan regarding bond and disposal of the underlying charge." Order (April 1, 2005).

**II.    Petition and Answer**

Petitioner raised six issues in his habeas petition and supporting brief (docket nos. 1, 2). The Sixth Circuit has directed this court to review petitioner's ineffective assistance of counsel and due process claims on remand. *Souter*, 395 F.3d at 601. Those claims are set forth as petitioner's issues I, IV, V and VI in his brief and read as follows:

> I.    The evidence in this case, both that presented at trial and that obtained subsequently, when considered together, demonstrate a colorable showing, or probability, of the factual innocence of Larry Pat Souter in the death of Kristy Ringler.
>
> IV.   The Michigan Courts failed to follow United States constitutional standards as explicated by clear precedent of the United States Supreme Court by refusing to consider all evidence, both that at trial and that available later, as a whole piece when considering the question of a colorable showing, or probability, of factual innocence.
>
> V.    Larry Pat Souter was denied his rights under the 14th Amendment to the United States Constitution because of the unreasonable delay from the time of identifying him as a suspect in causing the death of Kristy Ringler, to his being charged with murder.
>
> VI.   Petitioner was deprived of his Sixth Amendment right to effective assistance of counsel when his trial counsel did not file a pre-trial or trial motion for dismissal of the murder charge for violation of his 14th Amendment right to due process.

Brief in Support of Petition at i and ii. Petitioner also asserts he was denied due process under the Fourteenth Amendment because the evidence was insufficient to convict him. Petition, ¶ 20. Because the petition and supporting documents raise claims of insufficient evidence which are uncontroverted as shown below, petitioner's re-trial on the second-degree murder charge would be barred by the Fifth Amendment's Double Jeopardy clause upon a finding of insufficiency of

evidence.  *See Burks v. United States*, 437 U.S. 1, 18 (1978).

Respondent has filed a one-paragraph answer to the petition confessing error, which reads in pertinent part:

> Respondent asserts that petitioner's constitutional rights under the Fourteenth Amendment were violated as a result of an unreasonable delay between petitioner's identification as a suspect to his being charged with murder.  The delay caused petitioner actual prejudice as set forth in the [Petition for Writ of Habeas Corpus and the Brief in Support of Petition for Writ of Habeas Corpus], and in Petitioner's Motion for Immediate Release.  Accordingly, this Court should issue a writ of habeas corpus in favor of Petitioner.

Answer at 1-2 (citations and footnote omitted).

In short, respondent does not contest any of petitioner's claims.  Further, respondent explicitly admits that petitioner's Fourteenth Amendment rights were violated and that petitioner suffered actual prejudice as a result of those constitutional violations, and requests the court to grant his petition.

### III.    Recommendation

Since no issues remain to be adjudicated by this court,  I respectfully recommend that the petition for a Writ of Habeas Corpus be **GRANTED,** the conviction and sentence be **VACATED,** and petitioner be released unconditionally.

Dated:  September 20, 2005          /s/ Hugh W. Brenneman, Jr.
                                    Hugh W. Brenneman, Jr.
                                    United States Magistrate Judge

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).